**BRETT MERSEREAU,** OSB No. 023922
brett@brettmersereau.com
The Law Office of Brett Mersereau
P.O. Box 622
West Linn, OR 97068
Telephone: 503-673-3022
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JALISA MCGOWAN, | Case No.: 3:25-cv-1522-JR |
| Plaintiff, | |
| v. | RESPONSE TO PLAINTIFF'S OBJECTIONS |
| CLACKAMAS COMMUNITY COLLEGE, YVONNE SMITH, JILL BROWN, DAWN HENDRICKS, and KATTIE RIGGS, | |
| Defendants. | |

Defendants Clackamas Community College ("College"), Yvonne Smith, Jill Brown, Dawn Hendricks, and Kattie Riggs respectfully submit the within Response to plaintiff's Objections to the magistrate's Findings and Recommendation in this matter, per FRCP 72.

PAGE 1 -   RESPONSE TO PLAINTIFF'S OBJECTIONS

# DISCUSSION

1. ***Uzuegbunam v. Preczewski*** **does not save plaintiff's claims.**

Plaintiff's Objections first cite *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021), in response to the court's finding that because her "lawsuit is premised on the one-month delay in class registration and associated risk of future injury…[she] does not articulate any actual harm or negative consequences – other than increased stress and annoyance – or damages that she sustained as a result of defendants' actions." Findings and Recommendation at 9.

However, *Uzuegbunam* addressed the issue of "whether a plaintiff who sues over a completed injury and establishes the first two elements of standing (injury and traceability) can establish the third by requesting only nominal damages." *Uzuegbunam, supra,* at *284. In that case, the Supreme Court held that nominal damages <u>do</u> suffice to confer standing on a plaintiff, if the injury is complete and traceable to defendant: "Nominal damages are certainly concrete." *Id.*, at 291. Plaintiff's injury in that matter was that he had, on two separate occasions, been told by his university that he could not "speak about his religion or distribute [religious] materials[.]" *Id.*, at 283. Thus, there was no question regarding whether plaintiff had suffered a tangible injury; the court had no doubt that he did. The question before the court, and the answer, were limited:

> This is not to say that a request for nominal damages guarantees entry to court. Our holding concerns only redressability. It remains for the plaintiff to establish the other elements of standing (such as a

PAGE 2 -     RESPONSE TO PLAINTIFF'S OBJECTIONS

> particularized injury); plead a cognizable cause of action…and meet all other relevant requirements. We hold only that, for the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right.

*Id.,* at 292-293.

By contrast, this plaintiff has established no damages at all, nominal or otherwise, and cannot show, as did the plaintiff in *Uzuegbunam*, that she has suffered "an injury that is fairly traceable to the challenged conduct[.]" *Id.* This was the court's conclusion, and *Uzuegbunam* does not change that.

Plaintiff's Objection makes the same arguments as did her opposition to defendants' motion: that she was "denied access" to a class she needed, and that she suffered delays in her education. Objections at 2. But these conclusory arguments do not square with the facts she has pled, which confirm that she was permitted to enroll in the class she sought, and that, at least as of the time of the filing of her opposition to defendants' motion, taking that very class.

**2.    The F&R's findings should otherwise be upheld.**

Plaintiff's remaining arguments are simply those that she made in response to defendants' motion to dismiss, and that the court has already addressed in its F&R. Plaintiff's state law claims do not allege sufficient facts to establish each element of those claims, and a finding of qualified immunity is certainly appropriate at the pleading stage, especially where plaintiff does not identify a case that is factually on point with her allegations. *See, e.g., Pearson v. Callahan,* 555 U.S. 223, 232 (2009), *quoting Hunter v. Bryant,* 502 U.S. 224, 232 (1991) (qualified

PAGE 3 -    RESPONSE TO PLAINTIFF'S OBJECTIONS

immunity should be resolved "at the earliest possible stage in litigation").

**3.     Plaintiff retains the right to file a motion to amend her complaint.**

Finally, plaintiff argues that the F&R "erred in concluding amendment would be futile." Objections at 4. However, the F&R made no such conclusion, and in fact specifically held that plaintiff would be permitted to file a motion to amend her complaint within 30 days of the district court's order in this matter.

## CONCLUSION

For the reasons argued herein, plaintiff has failed to state a claim for relief against defendants, and plaintiff's Complaint should be dismissed.

DATED: December 21, 2025.

                                          /s/*Brett Mersereau*
                              **BRETT MERSEREAU,** OSB No. 023922
                              brett@brettmersereau.com
                              The Law Office of Brett Mersereau
                                  Of Attorneys for Defendant