IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| JALISA MCGOWAN,<br><br>          Plaintiff,<br>   v.<br><br>CLACKAMAS COMMUNITY COLLEGE;<br>YVONNE SMITH, in her individual and official<br>capacities; JILL BROWN, in her individual and<br>official capacities; DAWN HENDRICKS, in her<br>individual and official capacities; and KATTIE<br>RIGGS, in her individual and official capacities,<br><br>          Defendants. | Case No.: 3:25-cv-01522-JR<br><br><br>ORDER |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Jolie A. Russo issued a findings and recommendation ("F&R") in this case on December 16, 2025. Judge Russo recommended that this Court grant defendants' motion to dismiss with leave to amend within thirty days. Plaintiff timely filed objections, to which defendants timely responded in opposition. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). For the reasons stated below, the Court ADOPTS the F&R in full. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend within thirty days of the date of this Order.

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). No standard of review is prescribed for portions for the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985); *United States v. Reyna-Tapia*, 382 F.3d 1114, 1121 (9th Cir. 2003) (en banc). A district judge is not, however, precluded from reviewing the report sua sponte under a de novo, or any other, standard. *Thomas*, 474 U.S. at 154; *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017). Courts in this District have followed the Advisory Committee's

recommendation that, when no timely objection is filed, findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *see, e.g.*, *Hayden v. United States*, 147 F. Supp. 3d 1125, 1127 (D. Or. 2015) (following the recommendation of the Advisory Committee and reviewing magistrate judge's findings and recommendations for "clear error on the face of the record").

Plaintiff is a Black student at Clackamas Community College ("CCC"). Compl., ECF 2, ¶¶ 4, 50. In May 2025, plaintiff sought to enroll in "HS-170," a class required to obtain her degree. *Id.* ¶ 11. Her request was initially denied. *Id.* When plaintiff presented documentation showing that she in fact met the prerequisites for HS-170, she was permitted to register—which she proceeded to do. *Id.* ¶ 15 & Ex. C. Plaintiff later learned that, although she had initially been denied permission to register for failure to meet the course's prerequisites (despite in fact meeting those perquisites), another student of a different race was initially *granted* permission to register despite *not* meeting the prerequisites for the course. *Id.* ¶¶ 20, 49. In July 2025, plaintiff submitted a public records request to CCC related to the incident. *Id.* ¶¶ 22-23 & Ex. H. In response, CCC issued a fee estimate of $1,913.23 to plaintiff. *Id.* Plaintiff sought a waiver of the fees, which CCC denied. *Id.* ¶ 23. The Clackamas County District Attorney's Office subsequently upheld CCC's denial of the request for waiver. *Id.* On these facts, plaintiff brought the present action, asserting ten total claims: six against CCC, two for race discrimination under Title VI, and one each for state retaliation under Oregon Revised Statutes § 659.852, negligent misrepresentation, breach of implied contract, and intentional infliction of emotional distress; and four claims against the individually named defendants under 42 U.S.C. § 1983, for violation of plaintiff's due process rights and right to equal protection, race discrimination, and first amendment retaliation. *Id.* ¶¶ 28-75.

On November 4, 2025, defendants filed a motion to dismiss for failure to state a claim, ECF 19. The parties fully briefed the motion, *see* ECF 21 (plaintiff's response), ECF 22 (defendants' reply). On December 16, 2025, Judge Russo issued the now-pending F&R, ECF 25, which recommends that this Court grant defendants' motion to dismiss and dismiss plaintiff's complaint with leave to amend. Plaintiff timely filed objections, arguing that the F&R erred in its findings as to (1) standing, (2) comparator sufficiency,

(3) qualified immunity, (4) retaliation, and (5) futility of amendment.  Pls. Objs., ECF 27.  Defendants timely responded in opposition.  Defs. Resp., ECF 28.

Upon de novo review, and having carefully considered plaintiff's objections, this Court finds that there is no basis to modify the F&R.  Accordingly, the Court ADOPTS the F&R, ECF 25, in full; and thereby GRANTS defendants' motion to dismiss, ECF 19, and DISMISSES plaintiff's complaint with leave to amend.  Any amended complaint is due within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

DATED this 17th day of June, 2026.

Adrienne Nelson
United States District Judge